```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

PATRICIA A. ROBINSON,

               Plaintiff,                   08-CV-6361

      v.                               **DECISION**
                                            **and ORDER**

DELPHI CORPORATION,

               Defendant.
_____

## Introduction

Plaintiff Patricia A. Robinson ("Plaintiff") brings this action pursuant to Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII") and Article 15 of the New York State Human Rights law ("NYSHRL"), against Defendant Delphi Corporation[1] ("Delphi" or "Defendant"), alleging that Defendant discriminated against her on the basis of her gender. Specifically, Plaintiff, a female, alleges that she was qualified for the position for which Defendant sought applicants and that despite her qualifications, she was denied employment because of her gender.

Defendant denies Plaintiff's claims and moves for summary judgment against Plaintiff. In support of its motion, Defendant

---

[1] Prior to October 6, 2009, Defendant was known as "Delphi Corporation." (Affidavit of James A. Holahan "Holahan Aff" ¶ 2). On October 6, 2009, Defendant emerged from Chapter 11 Bankruptcy and is now know as "DPH Holdings Corporation." (Holahan Aff ¶ 5). Because the Defendant was known as "Delphi Corporation" during all periods relevant to this lawsuit, the Defandant will be referred to as "Delphi" at all points herein. However, the court notes that Delphi is a separate and distinct legal entity from the company currently known as "Delphi Corporation."

contends that Plaintiff cannot offer any proof sufficient to raise an inference that Defendant's failure to hire her was unlawfully motivated by her gender; that Defendant hired candidates whom it considered better qualified than Plaintiff, and that Plaintiff cannot prove that Defendant's non-discriminatory reasons supporting its hiring decision were false and merely a pretext to conceal unlawful gender bias. Plaintiff opposes Defendant's motion for summary judgment, on the basis that Defendant's stated reasons for failure to hire Plaintiff for the positions are simply a pretext for discrimination, and that there are genuine issues of material fact in dispute.

## **Background**

In 2006, Delphi began an initiative to back fill positions vacated by employees who elected retirement or separation with new hires that would receive lower pay and benefits. (Holahan Aff. ¶ 6: Exhibit D). Approximately 1,100 hourly employees elected to separate or retire from Delphi's Lexington Avenue facility in 2006 and 2007. (Affidavit of Tracy Gilmore "Gilmore Aff." ¶ 10). Thereafter, Delphi hired hundreds of hourly replacement employees for the Lexington Avenue facility, of which 130 were skilled trade employees. (Gilmore Aff. ¶ 12). The recruiting, interviewing, and hiring process for skilled trade employees began in May 2006 and extended into early 2007. Id. The number of replacements recruited and hired varied over this time. Id.

On July 28, 2006, Plaintiff submitted an application for employment to Delphi for the positions of pipe fitter, millwright, or tinsmith. (Gilmore Aff. ¶ 15; Ex. A). Plaintiff's husband Lawrence Robinson submitted an application for employment during the same time period. (Ex. C). On September 30, 2006, Plaintiff interviewed with Senior Labor Relations Representative Tracy Gilmore, supervisor Paul Murty, and pipe fitter Michael Valenti for the position of pipe fitter. (Gilmore Aff. ¶ 18). During the interview, Plaintiff said that in her 12 years of employment at Valeo Electrical Systems, Inc. ("Valeo"), she was responsible for the maintenance and repair of the physical structure and utility services at Valeo's manufacturing facility. (Gilmore Aff. ¶¶ 20-21; Ex. A; Robinson Tr. 141-45). Plaintiff acknowledged that she had little training in hydraulics. (Gilmore Aff ¶ 21). Plaintiff was asked to review and answer questions about a hydraulic blueprint, which she answered correctly. (Complaint ¶ 15; Answer ¶ 12). When asked during the interview whether she was willing to work overtime and whether she was willing to work any shift, Plaintiff responded that she preferred to work days, and that she would work overtime, if pressed to do so. (Gilmore Aff. ¶ 22; Testimony of Patricia A. Robinson "Robinson Tr." 141-42).

At the time of Plaintiff's interview, Delphi was looking for approximately five pipe fitters to perform production maintenance, which involved repairing and maintaining the machinery and equipment that was used to make the automotive parts and other items produced at the Lexington Avenue facility. (Gilmore Aff. ¶ 18). In late

3

September and early October, Delphi interviewed a number of potential candidates. (Gilmore Aff. ¶¶ 24-5). During this time frame, Tracy Gilmore met with Superintendent of Technical Services Noel Johnson to discuss the strengths and weaknesses of the pool of candidates. (Gilmore Aff. ¶¶ 25-6). Gilmore expressed concern to Johnson about Plaintiff's lack of production maintenance experience and her hesitancy about shift work and overtime hours. (Gilmore Aff. ¶ 27). Johnson did not include Plaintiff in the pool of applicants selected to move to the next step of the hiring process. Id.

Lawrence Robinson, Plaintiff's husband, was offered a job with Delphi, but rejected the offer. (Gilmore Aff. ¶ 28; Robinson Tr. 154-55). Delphi selected candidates that it alleges were better equipped than Plaintiff to perform production maintenance. (Gilmore Aff. ¶¶ 31-5).

On or about February 28, 2007, Plaintiff filed a verified complaint with the New York State Division of Human Rights ("SDHR") alleging that Defendant failed to offer her employment because of her gender. (Holahan Aff. ¶ 9; Ex. E). Plaintiff's gender discrimination complaint alleging failure to hire was also filed with the Equal Employment Opportunity Commission ("EEOC"). Id.

On August 8, 2007, after investigation into the Plaintiff's allegations, the SDHR found "probable cause" to support the Plaintiff's allegations that the Defendant failed to hire her because of gender-based discrimination and referred Plaintiff's

4

administrative complaint for a public hearing. (Holahan Aff.¶ 10). Thereafter, the Plaintiff requested that the SDHR dismiss the Plaintiff's complaint for administrative convenience. (Holahan Aff.; Ex. "F"). Thereafter, the EEOC dismissed her discrimination complaint and issued her a right to sue notice dated May 14, 2008. (Holahan Aff.; Ex. "G"). Plaintiff filed this action on August 11, 2008.

**Defendant's Motion for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

**II. Plaintiff's Title VII Claim**

Title VII makes it unlawful "for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to

discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Claims of employment discrimination under Title VII are analyzed under the well-recognized burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).[2] Under the McDonnell Douglas test, the plaintiff bears the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. Holt v, KMI-Continental, Inc., 95 F.3d 123, 129 (2d Cir. 1996). If the plaintiff succeeds in stating a prima facie case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for taking the employment action at issue. Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but instead were a pretext for discrimination, and that discrimination was the real reason. See Burdine, 450 U.S. at 252-53.

---

[2] The burdens of proof in employment discrimination cases under New York law are governed by the same standards as those that apply in federal civil rights cases. Sogg v. Am. Airlines, Inc., 193 A.D.2d 153, 603 N.Y.S.2d 21, 23 (N.Y. App. Div. 1993). Thus, the outcome of a case made pursuant to NYSHRL is the same as it is under Title VII. See Smith v. Xerox Corp., 196 F.3d 358 (2d Cir. 1999). Accordingly, the court does not explicitly evaluate Plaintiff's state law claim.

6

To prove pretext, the plaintiff must put forth adequate evidence to demonstrate the legitimate non-discriminatory reasons proffered by the employer were false and that intentional discrimination was the real reason for the adverse action. Holt, 95 F.3d at 129.

**Plaintiff has set forth sufficient evidence to create an inference that Defendant acted with discriminatory intent**

In order to establish a prima facie case a plaintiff must show (1) that the plaintiff was a member of a protected class, (2) that the plaintiff applied for a position for which he or she was qualified, (3) that the plaintiff was subject to an adverse employment decision, and (4) the decision was made under circumstances giving rise to an inference of discrimination. Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 101 (2d Cir. 2001). The plaintiff is required to show that "she was treated less favorably than comparable male employees in circumstances from which a gender-based motive could be inferred." Montana v. First Federal Sav. and Loan Ass'n of Rochester, 869 F.2d 100, 106 (2d. Cir 1989). See Shumway v. United Parcel Servs., 188 F.3d 60, 63 (3d Cir. 1997). Here, Plaintiff was a female job applicant who had relevant work experience that made her objectively qualified for the position. Delphi did not offer employment to Plaintiff, but offered positions to male applicants with similar training and work experience, including Plaintiff's husband. In discrimination cases, a plaintiff need not initially submit evidence sufficient to support a finding in his or her favor on each element that the plaintiff must

ultimately prove to win the case. <u>Fisher v. Vassar College</u>, 114 F.3d 1332, 1337 (2d Cir. 1997). Rather, the burden on the plaintiff to prove a prima facie case is minimal, and the plaintiff need not raise reasonable inference of illegal discrimination. <u>Id.</u> See <u>Carlton v. Mystic Transp., Inc.</u>, 202 F.3d 129, 134 (2d Cir. 2000).

Viewing the facts in the light most favorable to the non-moving party, I find that Plaintiff has established a prima facie case. However, establishing these minimum requirements is not sufficient to defeat Defendant's motion for summary judgment.

**<u>Defendant has demonstrated a legitimate non-discriminatory reason for its failure to hire Plaintiff</u>**

To rebut the presumption that discrimination was a motivating factor, the defendant must produce a legitimate, non-discriminatory reason for its adverse employment decision. <u>Burdine</u>, 450 U.S. at 254, 101 S.Ct. at 1094. This burden-shifting framework is designed to "prevent employers from simply remaining silent while the plaintiff founders on the difficulty of proving discriminatory intent." <u>Fisher</u>, 114. F.3d at 1335. Defendant contends that it offered the pipe fitter position to other candidates that it deemed more qualified than Plaintiff. (Gilmore Aff. ¶ 35). Mr. Gilmore testified that he felt hesitant to hire someone reluctant to work shift work or overtime. (Testimony of Tracy Gilmore "Gilmore Tr." 25-6). In her interview, Plaintiff explained that it would be difficult for her to work overtime, as it would require her to leave her daughter unattended or miss her swim meets and scholastic events. (Gilmore Aff. ¶ 22).

Defendant was also concerned about Plaintiff's limited production maintenance and hydraulics experience. (Gilmore Tr. 25-6; Gilmore Aff ¶¶ 26, 31). "The defendant need not persuade the court that it was actually motivated by the proffered reasons" in order to nullify the presumption of discrimination. Burdine, 450 U.S. at 254, 101 S.Ct. at 1094. Here, I find that Defendant provided a legitimate explanation for its adverse hiring decision.

**Plaintiff has failed to meet its burden of proving that Defendant's stated non-discriminatory reasons are a pretext to conceal unlawful gender bias**

Once the employer proffers an explanation, the presumption of discrimination disappears and the burden of proof shifts back to the plaintiff. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097 (2000). A plaintiff has the "ultimate burden in persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." Id. at 142, 120 S.Ct at 2106. The Second Circuit has adopted a case-by-case approach in determining whether a plaintiff has met this burden:

> (i)[E]vidence satisfying the minimal McDonnell Douglas prima facie case, coupled with evidence of falsity of the employer's explanation, may or may not be sufficient to sustain a finding of discrimination; (ii) once the employer has given an explanation, there is no arbitrary rule or presumption as to sufficiency; (iii) the way to tell whether a plaintiff's case is sufficient to sustain a verdict is to analyze the particular evidence to determine whether it reasonably supports an inference of the facts plaintiff must prove- particularly discrimination

James v. New York Racing Ass'n, 233 F.3d 149 (2d Cir. 2000).

9

Evidence of pretext can take a variety of forms in Title VII cases. Patterson v. McLean Credit Union, 491 U.S. 164, 187-88, 109 S.Ct. 2363 (1989). In the instant case, Plaintiff failed to present evidence sufficient to indicate that Defendant's explanation was a pretext

**Plaintiff was not similarly situated to Defendant's male applicants in all material aspects**

Plaintiff argues that she and the males who were ultimately hired were similarly situated, and that Defendant's explanation for its hiring decision is merely a pretext for gender discrimination. (Plaintiff's Memorandum of Law "Pl Mem." 6). Plaintiff testified that she, her husband, and other male co-workers at Valeo completed the exact same apprenticeship, classes, and number of hours of training in each area. (Robinson Tr. 161-65). Plaintiff contends that the fact that her husband was hired over her is evidence of unlawful discrimination. (Complaint ¶ 20). However, Mr. Robinson's resume indicates that he had more production maintenance experience than his wife. (Ex. C). His resume notes that he was responsible for "addressing a variety of plumbing matters;" installing, adjusting, and aligning new plant equipment; performing "troubleshooting, repair and maintenance on all types of valves, pumps, blowers, and fans, steam traps, HVAC equipment, and emergency eyewash/shower stations." Id. By contrast, Plaintiff's resume states that she was "responsible for the installation, maintenance, and repair of all HVAC equipment throughout the plant." (Ex. A). Plaintiff's other duties included operating plant

10

vehicles, using shop machinery, construction and demolition projects, and overseeing communication. Id. Plaintiff's resume does not reference any additional production maintenance, hydraulics, or pneumatics experience. Id. While Plaintiff and her husband, Mr. Robinson, underwent the same training at the same previous workplace, their daily job duties differed. Further, Mr. Robinson told interviewers that he preferred to work days, but would work overtime and shift work as needed. (Gilmore Aff. ¶ 7). Thus, Plaintiff was not similarly situated to her husband in all material aspects.

Plaintiff offers anecdotal evidence that her former co-worker at Valeo, Thomas E. Brown, was hired for the pipe fitter position, despite having fewer years of work experience than Plaintiff. (Pl Mem. 6). Mr. Brown entered the apprenticeship program at Valeo in 1990, when Plaintiff was already in the program. (Brown Tr. 15). Plaintiff testified that her work was "of a higher standard" than Mr. Brown's, but could not provide any examples of situations where her work was actually superior. (Robinson Tr. 188). Mr. Brown, however, testified that he believed he had more hydraulics and pneumatics experience than Plaintiff. (Brown Tr. 21). Mr. Brown admitted that hydraulics work was not part of his job assignment at Valeo, but that he assisted his co-workers in repairing hydraulic injection molders, and worked closely with those responsible for performing hydraulics operations. (Brown Tr. 22).

To prove that an employer's explanation was pretextual, the plaintiff must show that her credentials were "so superior to the

11

credentials of the person selected to the job that 'no reasonable person,' in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." <u>Byrnie</u>, 243 F.3d at 103. Plaintiff, herself, admits that she, her husband, and Mr. Brown had similar training and work experience. The court must "respect employer's unfettered discretion to choose among qualified candidates." <u>Byrnie</u> 243 F.3d at 103. However, Plaintiff has failed to establish that she was more qualified than Defendant's male hires. "An employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." <u>Burdine</u>, 450 U.S. at 259, 101 S.Ct. at 1097. Thus, Defendant's choice to hire candidates that it felt were better suited for the position than Plaintiff does not give rise to a discriminatory motive.

### **Plaintiff's lack of hydraulics experience was only one factor evaluated in Defendant's hiring decision**

Plaintiff asserts that Defendant's explanation that it choose not to hire her due to her lack of hydraulics experience is not supported by the record. (Pl Mem. 6). When Plaintiff called Mr. Gilmore four months after her interview to inquire about the status of her application, Mr. Gilmore informed her that her lack of hydraulics experience was a primary reason for Defendant's decision not to hire her. (Gilmore Tr. 38). Mr. Gilmore, however, testified that lack of hydraulics experience would not necessarily preclude an applicant from being hired for the pipe fitter position. (Gilmore Tr. 24). Hydraulics

experience was merely a preferred qualification and not the only factor considered in Defendant's adverse hiring decision. (Gilmore Tr. 17). Mr. Gilmore testified that many companies in the automotive parts industry use different nomenclature for the same duties and that he choose to interview Plaintiff, because he "assumed that she might have some hydraulics experience that wasn't particularly called out on her resume or in the information that she presented." (Gilmore Tr. 20).

Plaintiff further argues that Defendant's explanation that Plaintiff lacked hydraulic experience is contradicted by the fact that Defendant provided training in hydraulics to its new hires. (Pl Mem. 6). Defendant required its new hires to attend a four-day training course in hydraulics and a brief training in pneumatics. (Brown Tr. 11-13). The fact that Defendant provided Mandatory on-the-job training to its new hires fails to demonstrate that Defendant exercised discriminatory hiring practices. The court is not entitled "to review the correctness of employment decisions or the process by which these decisions are made." Sassaman v. Gamache, 566 F.3d 307, 314 (2d Cir. 2009). Defendant explained that it considered Plaintiff's lack of hydraulics experience in the hiring process, and Plaintiff has not produced any evidence to rebut this legitimate explanation.

To defeat summary judgment, a plaintiff is not required to show that an employer's proffered reasons were false, but merely that the proffered reasons were not the defendant's only reasons and that discrimination was a motivating factor. Back v. Hastings On Hudson Union Free School Dist., 365 F.3d 107 (2d Cir. 2004. Here, I find that

13

Plaintiff failed to produce evidence that gender discrimination was Defendant's motivation for its failure to hire her. Accordingly, I find that there are no genuine issues of material fact, and defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted in its favor.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
August 6, 2010